1. *United States v. Hahn*, 960 F.2d 903, 907 (9th Cir.1992).

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kamaludeen Adeboye GIWA, Defendant–Appellant.**

No. 00–10364.

D.C. No. CR–99–00132–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2001.

Decided Aug. 2, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and PREGERSON,\* District Judge.

MEMORANDUM \*\*

The district court did not clearly err[1] in determining that the losses associated with some of the TRW reports and Giwa's arrests in Hawaii and California constituted relevant conduct. Nor was it error for the district court not to apply Section 2X1.1's[2] three-level decrease. That section applies to attempted offenses, and Giwa's offenses were complete when he fraudulently obtained the cards and information through the mail.[3] We vacate Giwa's sentence and remand, however, because we hold that a preponderance of the evidence[4] does not

---

2. United States Sentencing Commission, Guidelines Manual, § 2X1.1.

3. *See United States v. Blitz*, 151 F.3d 1002, 1011 (9th Cir.1998).

4. *See United States v. Scheele*, 231 F.3d 492, 497 (9th Cir.2000) ("The district court's factual findings in the sentencing phase are re-

support the district court's conclusion that Giwa attempted to buy two, rather than one, Rolex watches in Hawaii. Because $23,427 of the district court's actual and attempted loss figure is not adequately supported, the court should remove this amount from the total actual and attempted loss figure and resentence Giwa accordingly.

VACATED AND REMANDED.

viewed for clear error, but must be supported by a preponderance of the evidence.'').

